# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. NUNES,<br><br>　　　　Defendant. | Case No. 1:13cv01025 LJO DLB (PC)<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(Document 2)<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　　Plaintiff Matthew James Dury ("Plaintiff"), a federal prisoner proceeding pro se, filed this action on July 3, 2013, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff also filed an application to proceed in forma pauperis.

　　　　28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to

1

28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he is, <u>at the time the complaint is filed</u>, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges that on June 26, 2013, Defendant Nunes arrived at USP-Atwater to transport Plaintiff to a holdover unit at USP-Victorville. Defendant pulled Plaintiff out of the solitary holding cell, where he was placed for protection from the other inmates. Plaintiff notified Defendant that he needed to be kept separate from other inmates because he was a sexual offender and would likely be hurt or killed by them. Plaintiff was placed in a belly-chain, handcuffs and leg restraints. Four other inmates were placed in similar restraints, but the belly-chains were loose enough to allow short punches. Three of the inmates blocked the window so staff could not see, and the fourth inmate tackled Plaintiff into the wall, dragged him to the floor and kicked him repeatedly in the head, face, chest and shoulders. Plaintiff states that he has not seen a doctor or received x-rays "for the head and chest trauma." Compl. 5. Plaintiff is currently in Protective Custody.

Although Plaintiff alleges that he was assaulted and has not yet received medical treatment, nothing in his complaint suggests that he was under imminent danger of serious physical injury at the time of filing the complaint. Indeed, Plaintiff was in danger while being assaulted, but that danger has passed and he is now housed in Protective Custody. Moreover, although Plaintiff states that he has not received medical treatment, he does not any allege ongoing injuries to suggest an imminent danger of serious physical injury.

Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action. Therefore, Plaintiff's application to proceed in forma pauperis shall be DENIED, and this action shall be DISMISSED, WIHTOUT PREJUDICE, to refiling with the submission of the $400.00 filing fee in full.

---

[1] The Court takes judicial notice of case numbers 1:12-cv-01998-UNA <u>Dury v. Holder</u> (D.D.C.) (dismissed on December 14, 2012, for failure to state a claim); 1:13-cv-0335-UNA <u>Dury v. Panetta</u> (D.D.C.) (dismissed March 15, 2013 for failure to state a claim); and 1:13-cv-00138-RJC <u>Dury v. Gast</u> (W.D.N.C.) (dismissed on June 6, 2013, for failure to state a claim).

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is DENIED;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                                **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE